**In re Elizabeth M. Wall HAWLEY,**
**Debtor.**

**Elizabeth M. Wall HAWLEY, Plaintiff,**

v.

**COMMERCIAL CREDIT PLAN CONSUMER CREDIT CO., Defendant.**

**Bankruptcy No. 5-81-00953.**
**Adv. No. 5-81-0512.**

United States Bankruptcy Court,
M.D. Pennsylvania.

Aug. 10, 1982.

---

George E. Clark, Jr., Scranton, Pa., for debtor.

Thomas J. Jones, Scranton, Pa., for defendant.

## OPINION AND ORDER

THOMAS C. GIBBONS, Bankruptcy Judge:

The debtor commenced an adversarial proceeding pursuant to 11 U.S.C. § 522(f) of the Bankruptcy Code (the Code) to avoid a judgment lien on her putatively exempt property, to wit, the proceeds of a fire insurance policy on her home. The issue presented in this case is whether the Code allows a debtor to aggregate the exemption found in 11 U.S.C. § 522(d)(1) with that of 11 U.S.C. § 522(d)(5) without first applying the exemption of § 522(d)(1) against her residence.

The following facts of the case are drawn from the parties' stipulation and the Court's records. The debtor borrowed funds from Commercial Credit Plan Consumer Credit Co. (Commercial Credit) in a consumer transaction prior to June 16, 1978. On that date the balance of the loan was $3,886.22. Commercial Credit was apparently experiencing difficulty in collecting the loan and consequently filed suit in the Court of Common Pleas of Lackawanna County, Pennsylvania. The suit culminated in a judgment of approximately $4,000.00 which was recorded on January 26, 1979.

Prior to the commencement of bankruptcy the debtor owned residential real estate in Scranton, Lackawanna County, Pennsylvania. The improvements on the property were destroyed by fire in May of 1978. Following this incident the debtor filed a claim against Nationwide Mutual Insurance Company (Nationwide) under a fire insurance policy covering the destroyed residence. Nationwide's resistance to payment of the claim resulted in the debtor's commencement of suit in Lackawanna County in September of 1978. Commercial Credit, still seeking payment of its loan, garnished the plaintiff's interest in the insurance policy by serving Nationwide with a writ of execution dated January 3, 1979. Nationwide settled its claim against the debtor for $7,500.00. The debtor filed for relief under Chapter 7 of the Code on December 2, 1981. Under the Code the debtor claims an exemption to the $7,500.00 proceeds of the insurance policy. In her bankruptcy petition the debtor lists a current value of $5,000.00 for the residence which was largely destroyed by fire.

In straight bankruptcy under Chapter 7 of the Code the debtor's assets are collected and sold, and the proceeds distributed to creditors. Section 522 of the Code allows an individual debtor to exempt certain property from this process. "The historical purpose of these exemption laws has been to protect a debtor from his creditors, to provide him with the basic necessities of life so that even if his creditors levy on all of his non-exempt property, the debtor will not be left destitute and a public charge." H.R.Rep. No. 95-595, 95th Cong., 1st Sess. 126 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6087. In pertinent part the exemption provisions of § 522(d) are as follows:

"(d) The following property may be exempted under subsection (b)(1) of this section:

(1) The debtor's aggregate interest, not to exceed $7,500 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence, in a cooperative that owns property that the debtor or a

dependent of the debtor uses as a residence, or in a burial plot for the debtor or a dependent of the debtor.

(2) * * *

(3) * * *

(4) * * *

(5) The debtor's aggregate interest, not to exceed in value $400 plus any unused amount of the exemption provided under paragraph (1) of this subsection, in any property.

(6) * * *

Congress enhanced the benefits of this section by providing in § 522(f) that judicial liens and certain security interests could be avoided to the extent that they impair a debtor's exemptions. The parties do not dispute that Commercial Credit's lien can be avoided if the debtor is entitled to exempt the $7,500.00 of insurance proceeds.

The relationship between the exemption provisions of § 522(d)(1) and (d)(5) is the basis of this dispute. The debtor contends that the Code in no way restricts her freedom to aggregate the $7,500.00 exemption of § 522(d)(1) with the $400.00 exemption of § 522(d)(5) and to apply this $7,900.00 to any property she desires. In essence, Commercial Credit contends that the language of § 522(d)(5) forbids the aggregation of the exemptions of § 522(d)(1) and (d)(5) unless at least a part of the $7,500.00 of § 522(d)(1) is used to exempt the personal residence of the debtor. Commercial Credit focuses upon the following highlighted language of § 522(d)(5) which allows the debtor to exempt: "The debtor's aggregate interest, not to exceed in value $400 *plus any unused amount of the exemption* provided under paragraph (1) [§ 522(d)(1)] of this subsection, in any property." Commercial Credit seems to construe the phrase "unused amount" to entail necessarily the partial use of the $7,500.00 exemption under § 522(d)(1). In effect, it argues that only if a portion of the $7,500.00 is used under § 522(d)(1), can there be an "unused amount" for use in § 522(d)(5).

We find Commercial Credit's contention without merit. The adoption of its position would result in discrimination against those who are not home owners since those individuals would not have a means of using any of the § 522(d)(1) exemption and thus could not aggregate the "unused amount" of that exemption with the § 522(d)(5) exemption. Such a result would defeat the Congressional purpose of § 522(d)(5) which was enacted to equalize the treatment between those who owned their residences and those who rented. H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 361 (1977); *In Re Smith,* 640 F.2d 888, 891 n. 17 (7th Cir.1981). Furthermore, the weight of authority indicates that a debtor may use § 522(d)(5) to exempt *any* property up to the $7,900.00 limit. *E.g., In Re Smith, supra; Augustine v. United States of America,* 675 F.2d 582, 586 (3rd Cir.1982). In light of this authority we find that the debtor can exempt the $7,500.00 proceeds from the insurance policy and thus Commercial Credit's lien on those proceeds will be avoided.

This opinion constitutes findings of fact and conclusions of law pursuant to Rule 752 of the Bankruptcy Rules.